IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRANSERVICE LEASE CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12 C 6355 |
| ) | |
| AUTOMOBILE MECHANICS UNION ) | |
| LOCAL 701, INTERNATIONAL ASS'N ) | |
| OF MACHINISTS AND AEROSPACE ) | |
| WORKERS, AFL-CIO, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Transervice Lease has moved to vacate an arbitration award issued on July 16, 2012, ordering the reinstatement of and back pay for two of its employees, Alex Sanchez and Paul Stewart. Automobile Mechanics Union Local 701, the collective bargaining representative of Transervice Lease's employees, has moved for an order confirming the arbitration award. For the reasons set forth below, the Court denies Transervice Lease's motion to vacate the award and grants Local 701's request to confirm the award.

### Facts

Transervice operates Melrose Park Distribution Center, a motor vehicle maintenance and repair facility in Melrose Park, Illinois. Transervice employed Alex Sanchez as a journeyman mechanic and Paul Stewart as a service technician. Sanchez and Stewart are members of Local 701 and are covered by

a collective bargaining agreement (CBA) that governs the terms and conditions of employment at the facility. On September 26, 2011, Transervice terminated Sanchez and Stewart for theft of time and falsification of records. This arose from an incident in which both men were found sleeping in a break room during working hours.

Local 701 filed grievances regarding the terminations, requesting the reinstatement of Sanchez and Stewart. Article 16 of the CBA sets forth a three-step grievance process. Once attempts at resolution reach the third step, Transervice must issue a final decision in writing. If the grievance remains unsettled, the Union may submit the matter for arbitration. Article 16 of the CBA requires a request for arbitration to be made within ten calendar days after the Union receives Transervice's final decision.

The Union pursued the grievance through all three steps. On December 5, 2011, the president of Transervice wrote to a Local 701 representative rejecting the union's request to reinstate the employees. On January 20, 2012, forty-six days after it received Transervice's decision, Local 701 submitted a demand for arbitration. The parties jointly selected an arbitrator, and a hearing was held on May 17, 2012. Transervice argued that the request for arbitration was untimely. Local 701 argued that there had been ongoing discussions after December 5, 2011 concerning a possible settlement of the dispute and that this tolled the time limits set forth in Article 16 of the CBA.

On July 16, 2012, the arbitrator issued his award. He sustained Local 701's grievance. The arbitrator determined that the grievance was timely,

reduced the sanctions against Sanchez and Stewart to written warnings, reinstated their employment, and awarded them back pay. On the issue of timeliness, the arbitrator noted that Local 701's contention was that "the parties' ongoing discussion regarding the matter tolled the time limitation." Compl., Ex. C at 7. The arbitrator accepted this contention, finding that "the Union presented evidence that showed that there were ongoing discussions regarding settlement." *Id.*

Transervice filed this suit asking the Court to vacate the arbitration award. Local 701 has counterclaimed, seeking confirmation of the arbitration award.

## Discussion

"Judicial review of arbitration awards is extremely limited." *Johnson Controls, Inc. Sys. & Services Div. v. United Ass'n of Journeymen & Apprentices of Plumbing & Pipe Fitting Indus. of U.S. & Canada, AFL-CIO*, 39 F.3d 821, 824 (7th Cir. 1994); *Ethyl Corp. v. United Steelworkers of Am., AFL-CIO-CLC*, 768 F.2d 180, 183 (7th Cir. 1985). A court may vacate an arbitration award "where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4). An arbitrator exceeds his powers when he bases his decision on "some body of thought, feeling, or policy, or law that is outside the contract" such that his decision fails to "draw its essence" from the contract. *United Steelworkers of Am. v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 597 (1960); *Chicago Typographical Union No. 16 v. Chicago Sun-Times, Inc.,* 935 F.2d 1501, 1505 (7th Cir. 1991); *Ethyl Corp.*, 768 F.2d at 184-85. But if there is "some possible interpretive route" showing the arbitrator rooted his decision in his interpretation of the contract, the

3

award cannot be disturbed. *Chicago Typographical Union No. 16,* 935 F.2d at 1506.

Transservice argues that the arbitrator exceeded the scope of his authority by finding Local 701's arbitration demand timely even though it was submitted beyond the ten-day limit established by the CBA. Transservice also contends that the arbitrator's finding that there was evidence of "ongoing discussions regarding settlement" was incorrect and that Local 701 presented no such evidence.

Local 701 argues that the parties stipulated that questions of procedural arbitrability such as timeliness would be submitted to the arbitrator. As a result, Local 701 contends, the Court cannot appropriately vacate the arbitration award based on a contention that the arbitrator erred interpretation on the issue of timeliness. *Jasper Cabinet Co. v. United Steelworkers of Am., Upholstery and Allied Div.*, 77 F.3d 1025, 1028 (7th Cir. 1996); *Chicago Typographical Union,* 935 F.2d at 1505. Local 701 also argues that the arbitrator's decision did draw its essence from the contract, because the arbitrator essentially determined Transservice Lease had, by its conduct, waived its contractual right to object to the untimeliness of Local 701's arbitration demand.

The Court rejects Transservice's contention that the Court should vacate the award because the arbitrator erred in stating that the Union had presented evidence of ongoing discussions regarding possible settlement of the grievance. Transservice has provided the Court with no basis to make a determination that the arbitrator was wrong; for example, it has not offered a transcript of the proceedings. In any event, even if the arbitrator made an erroneous factual

4

finding, that would not be an appropriate basis to overturn the decision. *Jasper Cabinet Co.*, 77 F.3d at 1028; *Chicago Typographical Union,* 935 F.2d at 1507.

The Court also rejects Local 701's contention that the arbitrator's decision on timeliness is beyond judicial review because the parties agreed to submit the issue of procedural arbitrability to the arbitrator. Transervice's argument is not that the arbitrator made a mistake in interpreting the timeliness requirement; rather, it argues that the arbitrator ignored that requirement and instead based his decision on "some body of thought, feeling, or policy, or law that is outside the contract." This is a basis upon which a court appropriately may vacate an arbitration award. *United Steelworkers of Am.*, 363 U.S. at 597; *Ethyl Corp.*, 768 F.2d at 184-85.

The Court concludes, however, that this not what the arbitrator did. Rather, the arbitrator's finding that ongoing settlement discussions between Local 701 and Transervice tolled the time limit under the CBA for requesting arbitration amounted to a determination that Transervice had waived this provision of the contract by its conduct. This involved the application of contract law, not application of extra-contractual considerations.

An arbitrator's decision is based on the contract if he provides a rational interpretive route from the relevant portions of the contract to his decision. *Chicago Typographical Union,* 935 F.2d at 1505-06. *Woodlawn Cmty. Dev. Corp. v. Chicago Journeymen Plumbers' Local Union 130*, No. 05 C 6319, 2006 WL 3267425, at *4-5 (N.D. Ill. Nov. 7, 2006). The arbitrator in the present case certainly was aware of, and considered, the CBA's time limitation: he stated that

"it is clear that the matter was technically forwarded to arbitration in an untimely manner."

The arbitrator concluded that the ongoing settlement discussions between the parties "tolled" the CBA's time limit. The Court agrees with Local 701 that the arbitrator essentially found that Transervice's conduct was inconsistent with insistence on strict compliance with the time limit and thus constituted a waiver of the ten-day limit. This was an "interpretive route" that did not rely on an outside body of thought, feeling, or law, or the arbitrator's "own brand of industrial justice," but rather upon an established principle of contract law. "Waiver is one of a multitude of contract doctrines that allow oral testimony to modify the terms of an apparently clear written contract." *Bank v. Truck Ins. Exch.*, 51 F.3d 736, 737 (7th Cir. 1995). In particular, a party to a contract may waive a contractual right if it acts in a way inconsistent with assertion of that right. *Central States, Southeast and Southwest Areas Pension Fund v. Schilli Corp.*, 420 F.3d 663, 673 (7th Cir. 2005).

It is of no consequence whether the Court would, in the first instance, reach the same conclusion as the arbitrator. Review of an arbitration award is far narrower than appellate review of a court's decision. In particular, the Court must "resolve any reasonable doubt about whether an award draws its essence from the collective bargaining agreement in favor of enforcing the award." *Polk Bros., Inc. v. Chicago Truck Drivers Union*, 973 F.2d 593, 597 (7th Cir. 1993). Applying that standard, the Court finds that the arbitration award drew its essence from the contract and that the arbitrator did not exceed his powers. The Court therefore

overrules Transervice's challenge to the award and orders its enforcement.

**Conclusion**

For the reasons stated above, the Court directs the Clerk to enter judgment in favor of defendant and against plaintiff on plaintiff's complaint and defendant's counterclaim and confirming the award of the arbitrator dated July 16, 2012.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 31, 2012